**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALBERT CHILDS, on his own behalf and
all similarly situated individuals,

      Plaintiff,

  vs.                                            CASE NO. 3:10-cv-256-J-32TEM

NATURCHEM, Inc., a foreign corporation,

      Defendant.
_____/

**O R D E R**

This matter has been referred to the undersigned for issuance of a Report and Recommendation regarding whether the parties' proposed settlement is a "fair and reasonable" resolution of a *bona fide* dispute over issues regarding the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (*see* Doc. #9, Order of Referral).

After a review of the parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (Doc. #10), the undersigned found it to be deficient. In order to make an informed recommendation to the District Court, additional information is required. More particularly, the undersigned requires information regarding the calculation(s) used to determine the precise final distribution of settlement funds.

In the parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (Doc. #10), it is maintained that further Court review of the parties' proposed stipulated judgment is not necessary because "[t]he parties stipulate that the settlement is for the full compensation claimed for unpaid wages [and] liquidated damages...." (Doc. #10

at 1).  In making this assertion, the parties rely on precedent which indicates that if a FLSA plaintiff has been offered "full compensation" then the case does not involve a compromise under *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982), and therefore, judicial scrutiny with respect to the fairness and reasonableness of any proposed settlement is unnecessary.  *See MacKenzie v. Kindred Hosps. East, LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

The Eleventh Circuit has stated that the FLSA "contemplates that the wronged employee should receive his full wages plus the penalty [liquidated damages] without incurring any expense for legal fees or costs."  *Silva v. Miller*, 307 F. App'x 349 (11th Cir. 2009) (*internal quotations and citations omitted*).[1]  As stated in *Colon-Frank v. Signature Payroll Serv's, LLC*, "in any case in which a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*." No. 6:09-cv-1881-Orl-28KRS, at *2 (M.D. Fla. Apr. 30, 2010) (*emphasis added*).

The undersigned finds Court review is necessary in this instance as it appears Plaintiff has compromised his claims with respect to full wages and liquidated damages. More particularly, in Paragraph 5 of the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (Doc. #10), the parties maintain that Plaintiff claims he worked 55 hour per week for an 86 week time period (Doc. #10 at 2, ¶ 5).  The parties further maintain that Plaintiff was compensated at a rate of $1,850 per month (Doc. #10 at 2,¶ 5).  The parties then go on to state, "the parties agreed to settle for $4,250.00 in alleged

---

[1] Although unpublished opinions are not considered binding authority, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

back pay for overtime, which includes pay at an overtime rate for all of the hours described in Paragraph 5, as well as an equal amount in liquidated damages." (Doc. #10 at 3, ¶ 6). In reviewing the parties' assertions in this regard, the undersigned found a discrepancy.

Specifically, by using the values delineated in Paragraph 5, the undersigned calculated Plaintiff's asserted overtime wages to be $22,368.60, with an equal amount in liquidated damages, making full compensation more akin to $44,737.20. To illustrate, $1,850 per month divided by 4 weeks equals $462.50 per week. While the undersigned recognizes that not every month comprises exactly 4 weeks, for the purposes of the instant calculation any discrepancy would be negligible in relation to the $4,250.00 asserted by the parties to be full FLSA compensation (*see* Doc. #10 at 3, ¶ 6). Nevertheless, $462.50 divided by 40 hours per week equals $11.56 per hour—which divided in half equals $5.78. The sum of $11.56 and $5.78 is $17.34, which would represent the dollar amount for time-and-a-half wages. If Plaintiff worked 15 hours per week in excess of 40 hours (55 - 40 =15), then Plaintiff should be compensated $260.10 for each week that he worked for 15 hours overtime. To that end, $260.10 multiplied by 86 (weeks) equals $22,368.60.

Based on the foregoing, it is hereby **ORDERED**:

Counsel for Plaintiff file, by no later than **January 31, 2011**, **a sworn declaration** that sets forth the calculation used to determine the **precise final distribution** of settlement funds, which shall **delineate** the following for Plaintiff: (1) wage compensation; (2) liquidated damages; and (3) attorneys' fees, costs, and expenses.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of January, 2011.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge